IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIJAH JACKSON, Individually and
JACKSON FOUNDATION AND FAMILY
TRUSTS, et al.

        Plaintiffs,

                                          Case Number: 8:00-CV-1401-T-23A

v.

HERB HERNANDEZ, Executive Director,
the LAKELAND HOUSING AUTHORITY
and the LAKELAND HOUSING AUTHORITY
BOARD OF DIRECTORS,

        Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION TO QUASH SERVICE OF PROCESS

Defendants Herb Hernandez, Executive Director; and the Lakeland Housing Authority; and The Lakeland Housing Authority Board of Commissioners by and through their undersigned attorney, file this Memorandum of Law[1] in support of their Motion to Dismiss Plaintiffs' Complaint and Motion to Quash Plaintiffs' Service of Process pursuant to Rule 3.01(a), Rules of the Middle District of Florida, and state as follows:

---

[1] The Plaintiffs served a receptionist at the LHA on or about August 15, 2000. The Defendants filed a Motion to Quash and a Motion to Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure, which were served on August 31, 2000. On September 12, 2000, this Court issued an order denying Defendants' motions **without prejudice** as Defendants inadvertently failed to accompany said motions with a legal memorandum in support of said motions as required by Local rule 3.01(a). The Defendants now re-file said motions pursuant to Rule 12(b) with the required accompanying legal memorandum attached in support of said motions.

## I. MOTION TO DISMISS COMPLAINT

The Plaintiffs are requesting certain documents allegedly within the Lakeland Housing Authority's (hereinafter "LHA") control to be provided to them pursuant to 5 U.S.C.A. § 552, the Federal Freedom of Information Act. The Plaintiffs have failed to state a cause of action upon which relief can be granted as the Lakeland Housing Authority is not subject to 5 U.S.C.A. § 552, Federal Freedom of Information Act.

The LHA is a state quasi-governmental entity and a political subdivision of the State of Florida. created pursuant to §421.04, Florida Statues. The LHA is governed by an appointed Board of Commissioners that conduct the LHA's business and exercises the LHA's power. The Board employs an Executive Director who acts as the secretary to the Board. Title 5 U.S.C.A. § 551 defines the term "agency" as used in the subchapter, which encompasses 5 U.S.C.A. §552, the Freedom of Information Act. Section 551 states as follows:

> (1) agency means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include:
> (A)  the Congress;
> (B)  the courts of the United States;
> (C)  the government of the territories of possessions of the United States;
> (D)  the government of the District of Columbia; or except as to the requirements of section 552 of title;
> (E)  agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
> (F)  courts martial and military commissions;
> (G)  military authority exercised in the field in time of war or in occupied territory or in occupied territory;
> (H)  functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; subchapter II of chapter 471 of title 49; or sections 1884, 1891-1902, and former section 1641(b)(2), of title 50, appendix....

The LHA is not an "agency" as defined under §551 as it is not an "authority of the Government of the United States." The LHA is therefore not included or considered as an agency for the purposes of 5 U.S.C.A. §552, the Federal Freedom of Information Act.

In Housing Authority of City of Daytona Beach v. Gomillion, 639 So. 2d 117 (Fla. 5th DCA 1994), the Housing Authority attempted to maintain that certain records were "agency" records under the Federal Privacy Act, 5 U.S.C.A. §552a. The Court found that the public housing authority was not a federal agency although it received federal government funds and was required to comply with federally mandated standards. Id. at 121. The Court reasoned that the extent of control exercised by the federal government over the housing authority was not sufficient to characterize it as a federal agency nor were the housing authority's records federal agency records. Id.

In Ferguson v. Alabama Criminal Justice Center, 926 F. Supp. 1446 (M.D. Ala. 1997), the petitioner sought to compel the Alabama Criminal Justice Center to provide a complete copy of all petitioner's criminal history in his state records file by federal writ of mandamus. In addition to this argument, the petitioner also argued that he was entitled to obtain his records under the Freedom of Information Act, 5 U.S.C.A. §552 and the Privacy Act, 5 U.S.C.A. §522a. The Court agreed with the lower court that a federal court is not authorized to issue writs of mandamus to state agencies. The Court went on to hold that 5 U.S.C.A. §§ 552 and 552a do not apply to state agencies and the Court dismissed the petitioner's case with prejudice.

In Ciccone v. Waterfront Commission of New York Harbor, 438 F. Supp. 55 (S.D.N.Y. 1977), the plaintiff, a longshoreman, brought an action to enjoin the Commission from proceeding with a disciplinary hearing against him. The plaintiff moved for the injunction to prevent the hearing until the Commission made available certain documents allegedly bearing on the charges against the plaintiff. The plaintiff alleged, among other things, that the Commission violated the federal and

state Freedom of Information Acts by not providing said documents. In addressing the issue, the Court held:

> As a state instrumentality, the Commission is not an "agency" within the meaning of the Freedom of Information Act, 5 U.S.C. §552 since an agency for the purposes of that Act is defined as "each authority of the Government of the United States...." 5 U.S.C. §551(1). Thus, the Freedom of Information Act is unavailable to plaintiff as a means of compelling the preparation of the information it seeks.

Id. at 58.

In Mamarella v. County of Westchester, 898 F. Supp. 326 (S.D.N.Y. 1995), the Plaintiff, an inmate, brought an action under the Freedom of Information Act ("FOIA") and the Privacy Act to compel the district attorney and the district attorney's office to turn over documents relating to his plea bargain and sentence. The Defendants moved for a summary judgement and the Court granted their motion. The Court found:

> The claims against the state agencies under the FOIA are legally insufficient because the FOIA does not apply to state agencies. The FOIA applies to agencies which are defined as "each authority of the Government of the United States." Thus, the plain language of the FOIA precludes its application to state or local agencies.

Id. at 237. (citations omitted). The Court went on to find that only federal "agencies" are subject to FOIA and the Privacy Act and that these statutes do not create a cause of action against an individual either. Id. at 238. (emphasis added). Thus, under Mamarella, neither the LHA nor would the LHA Executive Director or the Board of Commissioners in their individual capacities be subject to the Federal Freedom of Information Act.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to construe the complaint in the light most favorable to the Plaintiff and accept all the complaint's factual allegations as true. The Court may not dismiss the complaint unless it appears beyond a

4

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Given the aforementioned authority, it is clear the Plaintiffs in the instant can prove no set of facts to support his request for relief under the Freedom of Information Act against the LHA; the Executive Director, Herb Hernandez individually; or the LHA Board of Commissioners. It is clear from the case law that the Freedom of Information Act applies to federal agencies only and not state agencies or state instrumentalities, such as a state housing authority. Given that the LHA is a state entity and not a federal agency, the LHA is therefore not subject the Federal Freedom of Information Act as the Plaintiffs allege. The Plaintiffs' complaint should therefore be dismissed.

## II. MOTION TO QUASH SERVICE OF PROCESS

In the instant case, Defendants assert that service was attempted by Plaintiffs by serving the summons and complaint upon LHA receptionist Joan Rodriguez. Said receptionist was not legally authorized or appointed to accept service on behalf of any of the Defendants named in the Plaintiffs' complaint. As a result, the Plaintiffs did not perfect service upon the LHA, the Executive Director Herb Hernandez, or the LHA Board of Commissioner pursuant Rule 4, Federal Rules of Civil Procedure.

Rule 4(e) of the Federal Rules of Civil Procedure, sets out how service may be effected on an individual:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected... or
(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or ususal place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

Under Florida state law, § 48.031(1)(a) provides:

Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

The Plaintiffs failed to properly serve Mr. Herb Hernandez in his individual capacity pursuant to the Rule 4(e), Federal Rules of Civil Procedure or pursuant to § 48.031, Florida Statutes by serving the summons and complaint upon a LHA receptionist. There is no indication that Mr. Hernandez tried to evade personal service or gave said receptionist authority to accept process for him.

In Lowe v. Hart, 157 F.R.D. 550 (M.D. Fla. 1994), the Court discerned that when suing an employee in his or her individual capacity, the Plaintiff must make personal service of process on the employee and not the agency or entity employing the employee. The Court found the pro se Plaintiff had failed to properly serve federal employees in their individual capacities pursuant to Rule 4(e), Federal Rules of Civil Procedure or as to § 48.031, Florida Statutes, where service was attempted by leaving the summons and complaint with someone at Defendants' place of business who was not authorized to accept service on their behalf. Id. at 552. The Court dismissed the Plaintiff's action for failure to show good cause why proper service was not made on the Defendants within 120 days after the complaint had been filed pursuant to Rule (4)m, Federal Rules of Civil Procedure. Id. at 552-553.

The Court went on to point out that a pro se Plaintiff is not afforded any special latitude to circumvent the Rules of Civil Procedure. The Court stated:

> Being confused and uniformed with regards to the rules governing service is not 'good cause.' Plaintiff's pro se status does not entitle him to more lenient scrutiny. 'There can be no lenient exception granted for a Plaintiff's failure to comply with the formal Rules fo Civil Procedure,' even when the plaintiff's pros se.

Id. at 553. (citing Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138 (M.D. Fla. 1993)).

Given the foregoing, this Court should quash Plaintiffs' defective service of process as to Herb Hernandez in his individual capacity as Executive Director of the LHA.

Additionally, service on the LHA, as a state entity, or the LHA Board of Commissioners was not perfected by the Plaintiffs as well. Again, the Plaintiffs only served a LHA receptionist which was not legally authorized or appointed to accept service on behalf of any of the Defendants named in the instant case. Rule 4(j)(2), Federal Rules of Civil Procedure, provides:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for service of summons or other like process upon any such defendant.

Florida Statutes, § 48.111 prescribes the manner of service on state public agencies/subdivisions and officers. Subsection (1) of this statute is applicable to the LHA (which is a public body corporate pursuant to §421.04, Florida Statutes ) and provides:

> Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served:
> (a) On the president, mayor, chair, or other head thereof; and in his or her absence;
> (b) On the vice president, vice mayor, or vice chair, or in the absence of all the above;
> (c) On any member of the governing board, council, or commission.

Given the applicable Federal and State Rules of Civil Procedure for effecting service on the LHA and the LHA Board of Commissioners, the Plaintiffs clearly did no perfect service on either of these Defendants pursuant to either federal or florida state law by serving process on the LHA receptionist. The receptionist is certainly not the chief executive officer of the LHA nor is she within the hierarchy of officers or persons designated to be served process under the Florida rule of civil procedure governing service of process on a public agency/subdivision such as the LHA. Had the Plaintiffs served process on the Executive Director, Herb Hernandez, or a Commissioner of the

7

LHA Board of Commissioners, perhaps the Plaintiffs would have perfected service as to the LHA and /or the Board of Commissioners. However, that is not the case here.

In Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229 (M.D. Fla. 1993), Judge Kovachevich granted Defendant's motion to quash service were a pro se Plaintiff served process on a clerical employee at a corporation. The Court found that such an employee was not within the superior or inferior class of officers or agents that were required to be served under the federal rule governing service on a corporation. Id. at 236. As a result, the Court held that the Plaintiff failed to properly prefect service of process on the Defendant corporation. Id. The Court further stated : "Absent strict compliance with statutory requirement for service of process on a domestic corporation, this Court lacks personal jurisdiction over the defendant corporation." Id.

Although the instant case involves service on a public entity/subdivision instead of a corporation as in Woodbury, the same analysis applies as to proper service given the hierarchy of superior and inferior officers or agents as set out in the Florida Statutes. As in Woodbury, a clerical employee of the LHA was served process in lieu of the Executive Director or a Commissioner who would fall under the hierarchy of officers or agents authorized to accept service of process under State or Federal law. It would therefore follow that the Plaintiffs' service, in the instant case, should be quashed under the analysis in Woodbury.

Respectfully submitted,

SALEM, SAXON & NIELSEN, P.A.

RICARDO L. GILMORE, ESQ.
Florida Bar # 301019
Bank of America Plaza
101 East Kennedy Boulevard
Suite 3200
Post Office Box 3399
Tampa, FL 33601
Phone: (813) 224-9000
Fax: (813) 221-8811
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Elijah Jackson, Educational Incentive Program Incorporated, Post Office Box 92895, Lakeland, Florida 33804-2895 and the Jackson Foundation and Family Trusts, at Post Office Box 854, Lakeland, Florida 33802-0854, this 21st day of September, 2000.

SALEM, SAXON & NIELSEN, PA.

RICARDO L. GILMORE, ESQ.