IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



ELIJAH JACKSON, Individually and
JACKSON FOUNDATION AND FAMILY
TRUSTS, et al.

        Plaintiffs,

Case Number: 8:00-CV-1401-T-23A

v.

HERB HERNANDEZ, Executive Director,
the LAKELAND HOUSING AUTHORITY
and the LAKELAND HOUSING AUTHORITY
BOARD OF DIRECTORS,

        Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HERB HERNANDEZ'S MOTION TO QUASH SERVICE OF PROCESS

Defendant Herb Hernandez, Executive Director; by and through his undersigned attorney, files this Memorandum of Law in support of his Motion to Quash Plaintiffs' Service of Process on Herb Hernandez, Executive Director, pursuant to Rule 3.01(a), Rules of the Middle District of Florida, and state as follows:

At the onset of this case, the Plaintiffs attempted to effect service of process on the Lakeland Housing Authority (hereinafter "LHA"); the LHA Executive Director, Herb Hernandez; and the LHA Board of Commissioners[1] by serving process on LHA receptionist, Joan Rodriguez.

---

[1] The Plaintiffs name the Lakeland Housing Authority Board of Directors as a Defendant in this case. However, the Lakeland Housing Authority is governed by a Board of Commissioners and not Directors. Therefore, Defendants will refer to the Board of Commissioners in stead of using Plaintiffs' Board of Directors terminology in its pleadings.



On September 21, 2000, the Defendants filed a Motion to Quash Service (in addition to a Motion to Dismiss Complaint and a Memorandum of Law in Support thereof) regarding this defective service of process, as said receptionist was not legally authorized or appointed to accept service on behalf of any of the Defendants named in the Plaintiffs' complaint.

By order, dated October 18, 2000, the Court directed Plaintiffs to show cause, no later than November 12, 2000, as to why Defendants' Motion to Quash should not be granted. The Plaintiffs failed to respond as directed and the Court then assumed that the Plaintiffs had no objections to the Defendant's Motion to Quash and granted said motion.

On or about December 6, 2000, Plaintiffs attempted service on the Defendants again. This time personally serving Gary Smith, the Chairman of the LHA Board of Commissioners. Defendants also served Joy Hawkins in an attempt to serve process on LHA Executive Director Herb Hernandez in his individual capacity. Joy Hawkins is an operations support associate at the LHA and was not authorized nor directed to accept personal service on behalf of Herb Hernandez. As a result, the Plaintiffs did not effect service upon LHA Executive Director, Herb Hernandez, in his individual capacity, pursuant to Rule 4, Federal Rules of Civil Procedure.

Rule 4(e) of the Federal Rules of Civil Procedure, sets out how service may be effected on an individual:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected... or
(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or ususal place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

Under Florida state law, § 48.031(1)(a) provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

The Plaintiffs failed to properly serve Mr. Herb Hernandez in his individual capacity pursuant to Rule 4(e), Federal Rules of Civil Procedure or pursuant to § 48.031, Florida Statutes by serving the summons and complaint upon a LHA operations support associate. There is no indication that Mr. Hernandez tried to evade personal service or gave said associate authority to accept process on his behalf.

In Lowe v. Hart, 157 F.R.D. 550 (M.D. Fla. 1994), the Court discerned that when suing an employee in his or her individual capacity, the Plaintiff must make personal service of process on the employee and not the agency or entity employing the employee. The Court found the pro se Plaintiff had failed to properly serve federal employees in their individual capacities pursuant to Rule 4(e), Federal Rules of Civil Procedure or as to § 48.031, Florida Statutes, where service was attempted by leaving the summons and complaint with someone at Defendants' place of business who was not authorized to accept service on their behalf. Id. at 552. The Court dismissed the Plaintiff's action for failure to show good cause why proper service was not made on the Defendants within 120 days after the complaint had been filed pursuant to Rule (4)m, Federal Rules of Civil Procedure. Id. at 552-553.

The Court went on to point out that a pro se Plaintiff is not afforded any special latitude to circumvent the Rules of Civil Procedure. The Court stated:

> Being confused and uniformed with regards to the rules governing service is not 'good cause.' Plaintiff's pro se status does not entitle him to more lenient scrutiny. 'There can be no lenient exception granted for a Plaintiff's failure to comply with the formal Rules fo Civil Procedure,' even when the plaintiff's pros se.

3

Id. at 553. (citing Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138 (M.D. Fla. 1993)).

Given the foregoing, this Court should quash Plaintiffs' defective service of process as to LHA Executive Director Herb Hernandez in his individual capacity.

Respectfully submitted,

SALEM, SAXON & NIELSEN, P.A.

RICARDO L. GILMORE, ESQ.
Florida Bar # 301019
Bank of America Plaza
101 East Kennedy Boulevard
Suite 3200
Post Office Box 3399
Tampa, FL 33601
Phone: (813) 224-9000
Fax: (813) 221-8811
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Elijah Jackson, Educational Incentive Program Incorporated, Post Office Box 92895, Lakeland, Florida 33804-2895 and the Jackson Foundation and Family Trusts, at Post Office Box 854, Lakeland, Florida 33802-0854, this 22nd day of December, 2000.

SALEM, SAXON & NIELSEN, PA.

RICARDO L. GILMORE, ESQ.